IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NATALY MENDOZA, Special Administrator of the Estates of MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO, Decedents,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>JUJHAR SINGH, BSB TRANSPORT, INC., and RELIABLE TRANSPORTATION SOLUTIONS, LLC.<br><br>　　　　Defendants. | Case No.　　4:20 CV 270 CDP<br><br>Honorable Catherine D. Perry |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, NATALY MENDOZA, as Special Administrator of the Estates of MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO, Decedents, by and through their attorneys, KINNALLY FLAHERTY KRENTZ LORAN HODGE AND MASUR, PC, and LILES WHITE PLLC and for their First Amended Complaint against Defendants, JUJHAR SINGH, BSB TRANSPORT, INC. and RELIABLE TRANSPORTATION SOLUTIONS, LLC, states as follows:

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. ¶1332(a). Plaintiff is domiciled in Aurora, Illinois and is a citizen of the state of Illinois.  Decedents, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO, were all domiciled in Aurora, Illinois and were citizens of the state of Illinois. Defendant, JUJHAR SINGH, is domiciled in Fresno, California and is a citizen of the state of California. Defendant, BSB TRANSTPORT, Inc., is a citizen of the state of California.  BSB is incorporated only under the laws of

California and has its principal place of business in Clovis, California. Defendant, Reliable Transportation Solutions, LLC, is a citizen of the state of Ohio.  Reliable Transportation is incorporated only under the laws of Ohio and has its principal place of business in Georgetown, Ohio. The members of Reliable Transportation Solutions, LLC are Lucas Brown and Ben Bird. Both are domiciled in Georgetown, Ohio and both are citizens of Ohio. No Defendant is a citizen of Missouri. The amount in controversy, without interest and costs, exceeds the sum of $75,000 as specified by 28 U.S.C. ¶1332(a).

Venue is proper under 28 U.S.C. ¶1391(c) as all Defendants conduct substantial business in Missouri, including arranging for the transportation of property through Missouri. Upon belief, the subject load had been transported through Missouri and the wreck took place in Missouri.

### COUNT I

### JUJHAR SINGH and BSB TRANSPORT, INC.-Agency-Wrongful Death

1. On or before June 7, 2019, BSB TRANSPORT, INC., hired, retained, and/or contracted JUJHAR SINGH to transport a load of goods by tractor-trailer.

2. As of June 7, 2019, pursuant to F.M.C.S.R., 49 C.F.R. 390.3(b), JUJHAR SINGH, operated his tractor trailer in the capacity of agent, servant, and/or employee of BSB TRANSPORT, INC.

3. As of June 7, 2019, pursuant to F.M.C.S.R., 49 C.F.R. 390.3(b), BSB TRANSPORT, INC. is vicariously liable for all actions of its agent, Jujhar Singh.

4. On June 7, 2019, JUJHAR SINGH and BSB TRANSPORT, INC. drove, managed and maintained a tractor trailer that was travelling westbound on interstate 44 at the 225.6-mile marker in Franklin County, Missouri.

5. On June 7, 2019, Plaintiff's Decedents drove or occupied an automobile that was travelling westbound in front of Defendants on interstate 44 at the 225.6-mile marker in Franklin County, Missouri.

6. At the above time and place, Defendants drove their tractor trailer into the rear of the automobile occupied by Decedents causing the automobile to violently crash.

7. JUJHAR SINGH was at all time an agent of BSB TRANSPORT, INC. and was at all times acting within the course and scope of that agency.

8. Defendants, JUJHAR SINGH and BSB TRANSPORT, INC., had a duty at all times material herein to operate their tractor trailer with reasonable care for the safety of other persons and vehicles upon the highway.

9. At all times pursuant hereto, under 49 U.S.C. ¶ 14101(a), it was also the duty of Defendants as motor carriers to "provide safe and adequate service, equipment, and facilities."

10. Notwithstanding these duties, Defendants, JUJHAR SINGH AND BSB TRANSPORT, INC., were negligent both before and at the time of the occurrence in one or more of the following respects:

   a. Failed to keep their tractor trailer under proper and sufficient control;

   b. Failed to keep a proper look out for traffic in front of them;

   c. Failed to decrease the speed of their tractor trailer to avoid colliding with the vehicles in front of them;

    d. Drove their tractor trailer at a speed which was greater than was reasonable and proper considering traffic and highway conditions;

    e. Drove their tractor trailer at a speed which endangered the safety of other people and vehicles on the highway;

    f. Operated their tractor and trailer in violation of the safety fitness standards for authorized motor carriers and drivers as required by law;

    g. Changed lanes when it could not be done without endangering other vehicles on the highway;

    h. Changed lanes without first ascertaining that such movement could be made safely;

    i. Followed Decedents' vehicle more closely that was reasonable or prudent;

    j. Failed to provide adequate spacing on the roadway when changing lanes;

    k. Failed to operate their tractor and trailer with adequate surveillance and caution when changing lanes;

    l. Failed to recognize and appreciate potential hazards when changing lanes on the highway;

    m. Failed to avoid or control potential hazards when changing lanes on the highway.

11.    As a direct and proximate result of the negligence of JUJHAR SINGH AND BSB TRANSPORT, INC. and the ensuing collision, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO died on or about June 7, 2019.

12.    At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

13. Decedents left next of kin, including spouse and children.

14. The next of kin of MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO sustained survival damages and pecuniary losses under Mo. Rev. Stat. ¶537.090 as a direct and proximate result of Defendants' negligence and/or the deaths of Decedents.

15. On and subsequent to June 7, 2019, the ESTATES OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO DECEDENTS did then and there become obligated for various sums of money for the medical, hospital, and funeral care of each of the Decedents.

16. This action is brought pursuant to Missouri Wrongful Death and Survival laws., including Mo. Rev. Stat. 537.080 et al.

WHEREFORE, Plaintiff, as Special Administrator of Decedents' Estates, demands judgment against Defendants, JUJHAR SINGH and BSB TRANSPORT, INC. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this suit.

## COUNT II

## BSB TRANSPORT, INC. – WRONGFUL DEATH-NEGLIGENT ENTRUSTMENT

1-10. Plaintiff's Decedents repeat and reallege paragraphs 1 through 10 of Count I of this Complaint as if fully set forth herein.

11. On June 7, 2019, Defendant, BSB TRANSPORT, INC., acting as a licensed motor carrier for its own financial gain, negligently entrusted to JUJHAR SINGH an authorized motor common carrier of property, to transport a load for BSB TRANSPORT, INC.

12. On June 7, 2019 Defendant, BSB TRANSPORT, INC., a knowledgeable and sophisticated motor carrier broker and/or freight forwarding company, knew or should have known that JUJHAR SINGH was unsuited and unfit to operate safely as required by the Federal Motor Carrier Safety Administration and Regulations and was, therefore, unable to provide safe and adequate service, equipment, and facilities, as mandated under 49 U.S.C. S 14101(a).

13. BSB TRANSPORT, INC. had a duty to properly exercise its discretion as a licensed motor carrier in arranging for transportation of a load of goods by a fit, safe, and competent driver and/or operator.

14. BSB TRANSPORT, INC. had a duty to properly exercise its discretion as a licensed trucking broker in arranging for transportation of a fit, safe, and competent motor carrier.

15. Notwithstanding the aforesaid duties, BSB TRANSPORT, INC., was negligent in one or more of the following respects:

 a. Improperly hired, employed, promoted, trained, retained, and/or supervised various agents, motor carriers, servants, workers, and/or employees, such as JUJHAR SINGH, who had the responsibility and/or obligation to properly inspect, maintain, repair, take out of operation, and/or operate the tractor trailer that was involved in the collision with Plaintiff's Decedents on June 7, 2019;

 b. Improperly permitted the various agents, motor carriers, servants, workers, and/or employees, such as JUJHAR SINGH, to continue to

        work as agents, motor carriers, servants, workers, and/or employees when Defendants knew and/or should have known that they were unable to and/or incapable of properly performing the requirements of their respective employment, agency, and/or duties;

    c. Failed to establish procedures or programs to determine whether agents, employees and or potential employees, such as JUJHAR SINGH, were and/or are fit and capable of properly performing the requirements of their respective employment, agency, and/or duties.

    d. Failed to investigate or evaluate the qualifications of JUJHAR SINGH.

16. As a direct and proximate result of the negligence of BSB TRANSPORT, INC. and the ensuing collision, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO died on or about June 7, 2019.

17. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

18. Decedents left next of kin, including spouse and children.

19. The next of kin of MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO sustained survival damages and pecuniary losses under Mo. Rev. Stat. ¶537.090 as a direct and proximate result of Defendants' negligence and/or the deaths of Decedents.

20.     On and subsequent to June 7, 2019, the ESTATES OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO DECEDENTS did then and there become obligated for various sums of money for the medical, hospital, and funeral care of each of the Decedents.

21.     This action is brought pursuant to Missouri Wrongful Death and Survival laws., including Mo. Rev. Stat. 537.080 et al.

WHEREFORE, Plaintiff, as Special Administrator of Decedents' Estates, demands judgment against Defendant, BSB TRANSPORT, INC. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this suit.

## COUNT III

### RELIABLE TRANSPORTATION SOLUTIONS, LLC. ACTING AS A MOTOR CARRIER –AGENCY AND/OR PARTNERSHIP AND/OR JOINT VENTURE, NEGLIGENT HIRING AND SELECTION -WRONGFUL DEATH

1.     On or before June 7, 2019, RELIABLE TRANSPORTATION SOLUTIONS, LLC. hired, retained, and/or contracted BSB TRASNPORT, INC. and/or JUJHAR SINGH to transport a load of goods by tractor-trailer.

2.     As of June 7, 2019, pursuant to F.M.C.S.R., 49 C.F.R. 390.3(b), BSB TRANSPORT, INC. and/or JUJHAR SINGH, operated their tractor trailer in the capacity of agent, servant, and/or employee of RELIABLE TRANSPORTATION SOLUTIONS, LLC.

3.     RELIABLE TRANSPORTATION SOLUTIONS, LLC was at the time acting as a motor carrier in legally accepting the load from the shipper.

4.     RELIABLE TRANSPORTATION SOLUTIONS, LLC, and not BSB TRANSPORT, INC., is listed as the motor carrier in the bill of lading.

5. RELIABLE TRANSPORTATION SOLUTIONS, LLC did, in fact, hold itself out as a motor carrier and legally accepted responsibility for the load, including legal responsibility for the actions of the other defendants.

6. As of June 7, 2019, pursuant to F.M.C.S.R., 49 C.F.R. 390.3(b), RELIABLE TRANSPORTATION SOLUTIONS, LLC. is vicariously liable for all actions of its agents, BSB TRANSPORT, INC. and JUJHAR SINGH.

7. On June 7, 2019, JUJHAR SINGH, BSB TRANSPORT and RELIABLE TRANSPORTATION drove, managed and maintained a tractor trailer that was travelling westbound on interstate 44 at the 225.6-mile marker in Franklin County, Missouri.

8. On June 7, 2019, Plaintiff's decedents drove or occupied an automobile that was travelling westbound in front of Defendants on interstate 44 at the 225.6-mile marker in Franklin County, Missouri.

9. At the above time and place, Defendants, JUJHAR SINGH, BSB TRANSPORT and RELIABLE TRANSPORTATION, drove their tractor trailer into the rear of the automobile occupied by decedents causing the automobile to violently crash.

10. BSB TRANSPORT, INC. and/or JUJHAR SINGH were at all times an agent, partner or joint venturer of RELIABLE TRANSPORTATION SOLUTIONS, LLC. and were at all times acting within the course and scope of that agency, partnership and/or joint venture.

11. Reliable Transportation Systems, Inc. did at all time exercise control over BSB Transport, Inc. and Jujhar Singh by communicating and coordinating directly with BSB and Singh concerning the load, and by imposing equipment requirements,

reporting requirements, scheduling requirements and payment requirements on BSB and Singh.

       12.    RELIABLE TRANSPORTATION SOLUTIONS, LLC describes to the public the carriers it employs as its partners. https://www.relyonrts.com/carriers/

       13.    Defendants, JUJHAR SINGH, BSB TRANSPORT, INC. and RELIABLE TRANSPORTATION SOLUTIONS LLC, had a duty at all times material herein to operate their tractor trailer with reasonable care for the safety of other persons and vehicles upon the highway.

       14.    At all times pursuant hereto, under 49 U.S.C. S 14101(a), it was also the duty of Defendants as motor carriers to "provide safe and adequate service, equipment, and facilities."

       15.    Notwithstanding these duties, Defendant, RELIABLE TRANSPORTATION SOLUTIONS LLC, by and through its agents, JUJHAR SINGH and BSB TRANSPORT, INC., was negligent both before and at the time of the occurrence in one or more of the following respects:

      a. Failed to keep their tractor trailer under proper and sufficient control;

      b. Failed to keep a proper look out for traffic in front of them;

      c. Failed to decrease the speed of their tractor trailer to avoid colliding with the vehicles in front of them;

      d. Drove their tractor trailer at a speed which endangered the safety of other people and vehicles on the highway;

      e. Drove their tractor trailer at a speed which was greater than was reasonable and proper considering traffic and highway conditions;

      f. Operated their tractor and trailer in violation of the safety fitness standards for authorized motor carriers and drivers as required by law;

    g.  Changed lanes when it could not be done without endangering other vehicles on the highway;

    h.  Changed lanes without first ascertaining that such movement could be made safely;

    i.  Followed Decedents' vehicle more closely that was reasonable or prudent;

    j.  Failed to provide adequate highway spacing when changing lanes;

    k.  Failed to operate their tractor trailer with adequate surveillance and caution when changing lanes;

    l.  Failed to recognize and appreciate potential hazards when changing lanes on the highway;

    m.  Failed to avoid or control potential hazards when changing lanes on the highway.

16. As a motor carrier, RELIABLE TRANSPORTATION SOLUTIONS, LLC failed to act reasonably in the selection and hiring of BSB TRANSPORT, INC. and/or JUJHAR SINGH.

17. In addition, acting as a motor carrier without a proper license demonstrates that RELIABLE TRANSPORTATION SOLUTIONS, LLC was avoiding regulations meant to protect the public and operating in violation of federal laws.

18. As a direct and proximate result of the negligence of Defendants and the ensuing collision, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO died on or about June 7, 2019.

19. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate

motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

20. Decedents left next of kin, including spouse and children.

21. The next of kin of MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO sustained survival damages and pecuniary losses under Mo. Rev. Stat. ¶537.090 as a direct and proximate result of Defendants' negligence and/or the deaths of Decedents.

22. On and subsequent to June 7, 2019, the ESTATES OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO DECEDENTS did then and there become obligated for various sums of money for the medical, hospital, and funeral care of each of the Decedents.

23. This action is brought pursuant to Missouri Wrongful Death and Survival laws., including Mo. Rev. Stat. 537.080 et al.

WHEREFORE, Plaintiff, as Special Administrator of Decedents' Estates, demands judgment against Defendant, RELIABLE TRANSPORTATION SOLUTIONS, LLC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this suit.

## COUNT IV

## RELIABLE TRANSPORTATION SOLUTIONS LLC – WRONGFUL DEATH-NEGLIGENT SELECTION / NEGLIGENT HIRING

1-10. Plaintiff's Decedents repeat and reallege the preceding paragraphs in this this Complaint as if fully set forth herein.

11. Alternatively, On June 7, 2019, Defendant, RELIABLE TRANSPORTATION SOLUTIONS, LLC, acting as a licensed freight broker for its own

financial gain, negligently selected and hired JUJHAR SINGH and BSB TRANSPORT, INC. to transport a load for RELIABLE TRANSPORTATION SOLUTIONS, LLC.

12. On June 7, 2019 Defendant, RELIABLE TRANSPORTATION SOLUTIONS, LLC, a licensed freight broker and/or freight forwarding company, knew or should have known that Defendants, JUJHAR SINGH and BSB TRANSPORT, INC., were unsuited and unfit to operate safely as required by the Federal Motor Carrier Safety Administration and Regulations and were, therefore, unable to provide safe and adequate service, equipment, and facilities, as mandated under 49 U.S.C. S 14101(a).

13. RELIABLE TRANSPORTATION SOLUTIONS, LLC had a duty to properly exercise its discretion as a licensed freight broker in arranging for transportation of a load of goods by a fit, safe, and competent driver and/or operator.

14. RELIABLE TRANSPORTATION SOLUTIONS, LLC had a duty to properly exercise its discretion as a licensed freight broker in arranging for transportation of a fit, safe, and competent motor carrier.

15. Reliable Transportation Solutions also negligently selected BSB TRANSPORT and negligently entrusted a load to BSB TRANSPORT, who is an "unrated" motor carrier by the FMCSA.

16. Reliable Transportation Solutions knew or should have known that BSB Transport was an unrated and relatively new motor carrier. Reasonably prudent brokers hire rated motor carriers with a history of safety.

17. Notwithstanding the aforesaid duties, RELIABLE TRANSPORTATION SOLUTIONS, LLC was negligent in one or more of the following respects:

    a. Improperly hired, selected, employed, trained, retained, and/or supervised various agents, motor carriers, servants, workers, and/or employees, such

      as JUJHAR SINGH and BSB TRANSPORT, INC., who had the responsibility and/or obligation to properly inspect, maintain, repair, take out of operation, and/or operate the tractor trailer that was involved in the collision with Plaintiff's Decedents on June 7, 2019;

  b. Improperly permitted the various agents, motor carriers, servants, workers, and/or employees, such as JUJHAR SINGH and BSB TRANSPORT, INC., to continue to work as  agents, motor carriers, servants, workers, and/or employees when Defendants knew and/or should have known that they were unable to and/or incapable of properly performing the requirements of their respective employment, agency, and/or duties;

  c. Failed to establish procedures or programs to determine whether agents, employees and or potential employees, such as JUJHAR SINGH and BSB TRANSPORT, INC., were and/or are fit and capable of properly performing the requirements of their respective employment, agency, and/or duties.

  d. Failed to investigate or evaluate the safety qualifications and shipping qualifications of JUJHAR SINGH and BSB TRANSPORT, INC.

18. As a direct and proximate result of the negligence of Defendant and the ensuing collision, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO died on or about June 7, 2019.

19. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

20. Decedents left next of kin, including spouse and children.

21. The next of kin of MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO sustained survival damages and pecuniary losses under Mo. Rev.

Stat. ¶537.090 as a direct and proximate result of Defendants' negligence and/or the deaths of Decedents.

22. On and subsequent to June 7, 2019, the ESTATES OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO DECEDENTS did then and there become obligated for various sums of money for the medical, hospital, and funeral care of each of the Decedents.

23. This action is brought pursuant to Missouri Wrongful Death and Survival laws., including Mo. Rev. Stat. 537.080 et al.

WHEREFORE, Plaintiff, as Special Administrators of Decedents' Estates, demands judgment against Defendant, RELIABLE TRANSPORTATION SOLUTIONS, LLC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this suit.

                                                   KINNALLY FLAHERTY
                                                   KRENTZ LORAN HODGE & MASUR, P.C.

                                 BY:   /s/    PATRICK M FLAHERTY

Patrick M. Flaherty, Esq. (#3122931)
Kinnally Flaherty
Krentz Loran Hodge & Masur, PC
2114 Deerpath Road
Aurora, IL 60506
630-907-0909
630-907-0913 (fax)
pflaherty@kfkllaw.com

Stuart R. White (*pro hac vice motion to be filed*)
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, Texas 78401
(361) 826-0100
Stuart@LilesWhite.com