UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATALY MENDOZA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 270 CDP |
| | ) | |
| BSB TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on the motion for judgment on the pleadings filed by defendant Reliable Transportation Solutions, LLC.  Reliable seeks dismissal from this wrongful death action, arguing that plaintiffs' negligent brokering and vicarious liability claims against it are preempted by the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501(c)(1).  For the following reasons, the motion will be denied.

Standards Governing Motions for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is reviewed using the same standard that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir.

2015) (citing *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014)). Therefore, courts must consider whether the complaint pleads "'enough facts to state a claim that is plausible on its face.'" *NanoMech*, 777 F.3d at 1023 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'[L]egal conclusions' and 'threadbare recitations of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to a presumption of truth when considering the sufficiency of a complaint." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level . . . .'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court does not accept as true any "'legal conclusion couched as a factual allegation.'" *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*,

556 U.S. at 678). "'Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). As the party raising the affirmative defense of federal preemption, Reliable bears the burden of proof that plaintiff's claims are preempted. *Hughs v. Union Pac. R.R. Co.*, No. 5:15-06079-CV-RK, 2017 WL 1380480, at *1 (W.D. Mo. Apr. 14, 2017).

Relevant, Undisputed Background Facts

Defendant Reliable, a freight broker, hired defendant BSB to transport goods. BSB in turn hired defendant Singh to drive the tractor trailer which would transport those goods. On June 7, 2019, while driving down highway 44 in Franklin County, Missouri, defendant Singh crashed the tractor trailer into the back of the car occupied by Martha Rabadan, Maria Mendoza, and Ignacio Castro, killing all three. Plaintiff Mendoza is the administrator of the decedents' estates and claims that Reliable is vicariously liable for the wrongful death of decedents (Count III) and that Reliable negligently selected/hired BSB and Singh to transport goods (Count IV), resulting in the death of decedents.[1] The Second Amended

---

[1] Negligent selection/hiring claims are commonly referred to as "negligent brokering" claims. *Uhrhan v. B&B Cargo, Inc.*, No. 4:17CV2720 JAR, 2020 WL 4501104, at *1 (E.D. Mo. Aug. 5, 2020).

Complaint alleges that Reliable negligently hired BSB, an "unrated" and relatively new motor carrier. In support of her vicarious liability claim, plaintiff alleges that BSB and Singh were the agents of Reliable, which held itself out as the motor carrier of the load, and that Reliable exercised control over BSB and Singh by "communicating and coordinating directly with BSB and Singh" and "imposing equipment requirements, reporting requirements, scheduling requirements, and payment requirements." (Second Amended Complaint at p. 9-10, Count III, Paragraphs 10, 11).

## Discussion

Reliable moves to dismiss plaintiff's Missouri common law claims, arguing that they are expressly preempted by the FAAAA. "The preemption doctrine derives from the Constitution's supremacy clause, which states that laws of the United States made pursuant to the Constitution are the 'supreme Law of the Land.' " *Wuebker v. Wilbur-Ellis Co.*, 418 F.3d 883, 886 (8th Cir. 2005) (quoting U.S. Const. Art. VI, cl. 2). A state law is expressly preempted "when a federal law explicitly prohibits state regulation in a particular field." *Mo. Brd. of Examiners for Hearing Instrument Specialists v. Hearing Help Express, Inc.*, 447 F.3d 1033, 1035 (8th Cir. 2006). The FAAAA was enacted by Congress to preempt state trucking regulations in order to avoid "a patchwork of state service-determining laws, rules, and regulations" that could have an economic burden on the trucking

4

industry. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 264 (2013) (quoting *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 373 (2008)). The relevant portion of the FAAAA provides that:

> [A] State...may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ...or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). "In the FAAAA, Congress sought to equalize competition between air and motor carriers of property by uniformly preempting state economic regulation of their activities, but not preempting safety regulations." *Data Mfg., Inc. v, United Parcel Service, Inc.*, 557 F.3d 849, 851-52 (8th Cir. 2009) (internal citation omitted). The Supreme Court has broadly interpreted the phrase "relating to." *Id.* As applied in this case, if plaintiff's common law claims for negligent brokering and vicarious liability relate to Reliable's prices, routes or services and derive from the enactment or enforcement of state law, they would fall within the purview of the statute and be subject to preemption unless the safety regulation exception applies. *See id.* at 852.

To support her argument that her negligent hiring/selection claim is not preempted, plaintiff points to the recent decision of the Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, in *Uhrhan v. B&B Cargo, Inc.*, No. 4:17CV2720 JAR, 2020 WL 4501104, at *1 (E.D. Mo. Aug. 5, 2020). In that wrongful death case arising out of a motor vehicle collision, Judge

Ross determined that plaintiff's negligent brokering claims against the defendant broker were not preempted because they fell under the statute's safety regulation exception. *Id.* at *4-5. The safety regulation exception is found in § 14501(c)(2) of the FAAAA and provides the following limitation on the FAAAA's preemptive scope:

> Paragraph (1) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2).

"As of yet, neither the Supreme Court nor the circuit courts have addressed the specific issue whether the FAAAA preemption clauses encompass negligence or negligent-hiring claims in personal injury suits against brokers. The district courts that have confronted this question are split on both outcome and rationale." *Lopez v. Amazon Logistics, Inc.*, No. 3:19-CV-2424-N, 2020 WL 2065624, at *4 (N.D. Tex. Apr. 28, 2020); *see also Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at *3-5 (W.D. Tex. Jan. 27, 2020) (describing the development of "two diverging lines of cases," a line of preemption and a line of no preemption); *Loyd v. Salazar*, 416 F. Supp. 3d 1290, 1295 (W.D. Okl. 2019) (finding that "[f]ederal district courts are sharply divided" as to whether personal

6

injury claims alleging negligence by brokers in selecting motor carriers are preempted by the FAAAA).

In reaching his decision that plaintiffs' negligent brokering claims were not preempted, Judge Ross first concluded that "Missouri's common law negligent brokering claim is a state enforced provision that can be preempted under the FAAAA." *Uhrhan*, 2020 WL 4501104, at *3. He next held that "negligent brokering claims relate to the services of [a broker] and fall[] within the scope of 49 U.S.C. § 14501(c)(1)." *Id.* at *3-4. However, Judge Ross ultimately determined that plaintiffs' negligent brokering claims were not preempted by the FAAAA because they fell within the statute's safety regulation exception, which states that the FAAAA's preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). *See id.* at *4. Judge Ross held:

> The Court is thus faced with two questions: First, whether common law claims can be understood as an exercise of a state's "safety regulatory authority" and, second, whether a negligent brokering claim is a cause of action "with respect to motor vehicles." In considering these questions, the Court is guided by the holding of the Supreme Court in *City of Columbus v. Ours Garage and Wrecker Srvc., Inc.*, which held that the safety regulation exception should be broadly construed. 536 U.S. 424, 426 (2002). In *Ours Garage*, the Supreme Court explained:
>
>> Preemption analysis start[s] with the assumption that the historic police powers of the States were not to be superseded by the [FAAAA] unless that was the clear and manifest purpose of Congress...Section

7

> 14501(c)(2)(A) seeks to save from preemption state power in a field which the States have traditionally occupied.

536 U.S. at 424 (footnote omitted).

At the outset, the Court is unpersuaded that a state's "safety regulatory authority" is limited to state-passed regulations or statutes. "Historically, common law liability has formed the bedrock of state regulation, and common law tort claims have been described as a critical component of the States' traditional ability to protect the health and safety of their citizens." *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 86 (2d Cir. 2006) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 544 (1992) (Blackmun, J., concurring in part and dissenting in part)). As a result, the Court finds that common law negligent brokering claims exist as "a valid exercise of the state's police power to regulate safety." *Finley v. Dyer*, No. 3:18-CV-78-DMB-JMV, 2018 WL 5284616, at *6 (N.D. Miss. Oct. 24, 2018); *see also Lopez*, 2020 WL 2065624, at *7 (giving a thorough explanation as to why the statutory construction of the FAAAA indicates that "regulatory authority" encompasses common law rights).

The Court further finds that Plaintiffs' negligent brokering claim constitutes an exercise of regulatory authority "with respect to motor vehicles." "The Supreme Court has defined the phrase 'with respect to' as 'concerning.'" *Lopez*, 2020 WL 2065624, at *7 (quoting *Dan's City Used Cars, Inc.*, 569 U.S. at 261). Here, the Court holds that a negligent brokering claim—which seeks damages for personal injury against a broker for negligently placing an unsafe carrier on the highway—"concerns motor vehicles and their safe operation." *Id.*; *see also Finley*, 2018 WL 5284616, at *6. The Court is persuaded that this holding is aligned with the central purpose of the FAAAA, which "was enacted with the primary goal of minimizing economic regulation, not state police power over safety regulation." *Lopez*, 2020 WL 2065624, at *7. As a result, the Court finds that Plaintiffs' negligent brokering claims fall within the scope of the safety regulation exception and, thus, are not preempted by the FAAAA.

*Id.* at *5.  Upon consideration, this Court is persuaded by the well-reasoned decision of Judge Ross and concludes that plaintiff's negligent selection/hiring claim against Reliable falls within the scope of the safety regulation exception and is therefore not preempted by the FAAAA for the same reasons articulated in *Uhrhan*.  *See id.*; *Miller v. C.H. Robinson Worldwide, Inc.*, 2020 WL 5757013, at *11 (9th Cir. Sept. 28, 2020) (negligence claims against brokers that stem from motor vehicle accidents fall within safety exception of the statute and are not preempted by FAAAA).  Therefore, Reliable's motion for judgment on the pleadings on Count IV of the Second Amended Complaint will be denied.

Reliable next argues that plaintiff's vicarious liability claim is preempted by the FAAAA for the same reasons it contends that the negligent brokering claims are preempted.  In support of her vicarious liability claim, plaintiff alleges that BSB and Singh are the agents of Reliable, which held itself out as the motor carrier of the goods, and that Reliable exercised control over BSB and Singh by "communicating and coordinating directly with BSB and Singh" and "by imposing equipment requirements, reporting requirements, scheduling requirements, and payment requirements."  (Second Amended Complaint at p. 9-10, Count III, Paragraphs 10, 11).

Under respondeat superior, a principal can be held vicariously liable for the negligent acts of its agents, if such act is committed within the course and scope of

9

the agency. *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 655-56 (Mo. Ct. App. 2005); *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560, 566 (Mo. Ct. App. 2002). Under Missouri law, the touchstone of respondeat superior is the existence of a master-servant relationship. *Wyngarden v. Entertainment Coaches of America*, No. 4:05CV2082 SNL, 2006 WL 8459125, at *1–2 (E.D. Mo. Apr. 7, 2006). The relationship exists if "'the person sought to be charged as master had the right or power to control and direct the physical conduct of the other while working.'" *Kaplan v. U.S. Bank, N.A.*, 166 S.W.3d 60, 66 (Mo. Ct. App. 2003) (quoting *Hougland v. Pulitzer Publ'g Co.*, 939 S.W.2d 31, 33 (Mo. Ct. App. 1997)). When a third party is using the services of another's employee, that employee "may be the servant of two masters . . . at one time as to one act, if the service to one does not involve abandonment of the service to the other." *Brickner v. Normandy Osteopathic Hosp., Inc.*, 746 S.W.2d 108, 113 (Mo. Ct. App. 1988).

Plaintiff has alleged a principal-agent relationship between Reliable and BSB and Singh and seeks to hold Reliable liable for the actions of BSB and Singh. Reliable does not argue that the FAAAA's safety exemption does not apply to the motor carrier that actually operates the vehicle. "As Congress excluded such conduct from the FAAAA's preemption rule, it follows that a principal can be liable for its agents' negligent operation of a motor vehicle." *Ying Ye v. Global*

10

*Sunrise, Inc.*, 2020 WL 1042047, at *4 (N.D. Ill. Mar. 4, 2020).  Plaintiff's vicarious liability claim is therefore not preempted.

Plaintiff's allegations regarding the nature of Reliable's control over BSB and Singh are sufficient at this stage of the proceedings to raise an inference that Reliable controlled the manner in which BSB and Singh carried out their work of transporting the goods in the tractor trailer.  *See Ying Ye,* 2020 WL 1042047, at *5; *Wyngarden*, 2006 WL 8459125, at *2.  Reliable's motion for judgment on Count III of plaintiff's Second Amended Complaint will therefore be denied.

For the foregoing reasons, the Court finds that plaintiff's negligent brokering and vicarious liability claims are not preempted by the FAAAA and that plaintiff has alleged sufficient facts to withstand dismissal at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Reliable Transportation Solutions, LLC's motion for judgment on the pleadings [80] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2020.